FILED
2008 Jun-04 PM 03:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| Rhonda L. Collins, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 07-G-0651-E |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The plaintiff, Rhonda L. Collins, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security Benefits. Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards

were applied.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence."  Bloodsworth, at 1239 (citations omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Bloodsworth, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish his entitlement for a period of disability, a claimant must be disabled.  The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i).  For the purposes of establishing entitlement to disability benefits, "physical or mental impairment" is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process.  20 C.F.R. § 404.1520 (a)-(f).  The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether she has a severe impairment;

(3) whether her impairment meets or equals one listed by the Secretary;

(4) whether the claimant can perform her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir. 1993); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." Pope, at 477; accord Foot v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995).

In the instant case, the ALJ, Cynthia W. Brown, determined the plaintiff met the first two tests, but concluded did not suffer from a listed impairment. The ALJ found the plaintiff unable to perform her past relevant work. Once it is determined that the plaintiff cannot return to his prior work, "the burden shifts to the [Commissioner] to show other work the claimant can do." Foote, at 1559. When a claimant is not able to perform the full range of work at a particular exertional level, the Commissioner may not exclusively rely on the Medical-Vocational Guidelines (the grids). Foote, at 1558-59. The presence of a non-exertional impairment (such as pain, fatigue or mental illness) also prevents exclusive reliance on the grids. Foote, at 1559. In such cases "the [Commissioner] must seek expert vocational testimony. Foote, at 1559.

## THE STANDARD FOR REJECTING THE TESTIMONY OF A TREATING PHYSICIAN

As the Sixth Circuit has noted: "It is firmly established that the medical opinion of a treating physician must be accorded greater weight than those of physicians employed by the government to defend against a disability claim." Hall v. Bowen, 837 F.2d 272, 276 (6th Cir. 1988). "The testimony of a treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary." McGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); accord Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1216 (11th Cir. 1991). In addition, the Commissioner "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight ...." McGregor, 786 F.2d at 1053. If the Commissioner ignores or fails to properly refute a treating physician's testimony, as a matter of law that testimony must be accepted as true. McGregor, 786 F.2d at 1053; Elam, 921 F.2d at 1216. The Commissioner's reasons for refusing to credit a claimant's treating physician must be supported by substantial evidence. See McGregor, 786 F.2d at 1054; cf. Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987)(articulation of reasons for not crediting a claimant's subjective pain testimony must be supported by substantial evidence).

## DISCUSSION

In the present case the plaintiff alleges she is disabled due to disabling back pain. An MRI scan on December 13, 2003, showed facet joint atrophy at L3-4 through

4

L5-S1 and moderate foraminal stenosis at L5-S1.[1]   [Transcript at 125]  On September 23, 2005, the plaintiff saw Dr. Prybis, an orthopod, and reported her pain was an eight on a scale of one to ten.  On examination Dr. Prybis found mild tenderness in the cervical paraspinal muscles, and mild tenderness in the lower lumbar paraspinals.  There was no paraspinal spasm or atrophy.  On examination Dr. Prybis found increasing pain with flexion and extension.  Dr. Prybis found the plaintiff had positive Patrick's and Faber tests bilaterally.[2]  X-rays of the lumbar spine showed some moderate spondylosis at L5-S1 and very mild spondylosis at L4-5.[3]  [Transcript at 145]

   Dr. Prybis prescribed physical therapy.  On September 30, 2005, the plaintiff reported an exacerbation of her pain secondary to mopping the floor.  On October 14, 2005, the therapist noted the plaintiff reported her pain was six out of ten on

---

[1]  A foramen is a natural opening or passage especially one into or through a bone. Dorland's Illustrated Medical Dictionary 648 (28th Edition).  "Foraminal stenosis is tightening of the openings of the exit points for each nerve as it is exiting the spinal column."  Surgical Management of Spinal Stenosis, (Richard J. Bransford, M.D., ed.) viewed at:
http://www.orthop.washington.edu/uw/laminectomy/tabID__3347/ItemID__283/PageID__2/Articles/Default.aspx

[2]  A positive Patrick's test indicates arthritis of the hip.  Dorland's Illustrated Medical Dictionary 1688 (27th Edition).  "FABER stands for Flexion, ABduction, and External Rotation of the hip.  .... Pain in the groin area indicates a problem with the hip and not the spine. ....Pain in the sacroiliac area indicates a problem with the sacroiliac joints."   http://medinfo.ufl.edu/year1/bcs/slides/extrem/slide21.html

[3]  Spondylosis is defined as "ankylosis [imobility and consolidation of a joint due to disease, injury, or surgical procedure] of a vertebral joint; also, a general term for degenerative changes due to osteoarthritis."  Dorland's Illustrated Medical Dictionary 1567, 91 (27th Edition).

average and she was sleeping better. [R 156] On October 19, 2005, the therapy note indicated "[reduced] complaint of pain today." On October 21, 2005, the plaintiff continued to complain of lower back pain at a six out of ten. [R 155] The therapists assessment was there had been a slight decrease in pain with active range of motion.

On October 21, 2005, Dr. Prybis noted the plaintiff's neck pain had just about resolved and that her back pain had improved from a seven out of 10 to five out of 10. Her range of motion was better, but she still has some pain. Dr. Prybis found mild tenderness in the lower lumbar spine with increasing pain with extension. Dr. Prybis diagnosed chronic mechanical lower back pain with L5-S1 degeneration. His plan was to continue home exercise with heat and ice therapy.

Dr. Prybis, completed a pain assessment form dated November 23, 2005, indicating the plaintiff suffered from pain to such an extent as to be distracting to the adequate performance of daily activities or work. [R 148] The pain assessment of Dr. Prybis is buttressed by the report of Dr. McLain, who saw the plaintiff at the request of her attorney on December 27, 2005. Dr. McLain found only 5 of the 18 tender points characteristic of fibromyalgia syndrome on physical examination. [R 161] His diagnostic assessment included osteoarthritis of the lumbar spine, osteoarthritis of the knee, osteoarthritis of the hands, mitral valve prolapse, status post cervical cancer, and totally disabled from any employment. [R 161] Dr. McLain also completed a pain assessment, indicating the plaintiff suffered from pain to such an extent as to be distracting to the adequate performance of daily activities or work. [R 165]

Because Dr. Prybis is one of the plaintiff's treating physicians, his opinions are entitled to great weight unless the ALJ articulates reasons for discrediting them that are supported by substantial evidence. Although the ALJ gave Dr. Prybis's opinion as to the plaintiff's exertional limitations controlling weight, she did not explain why Dr. Prybis's opinion as to the plaintiff's pain level was not entitled to the same weight. [R 22]  In fact, the ALJ did not give any reason for refusing to credit Dr. Prybis's Clinical Assessment of Pain form.  [R 22]  Therefore, under the standard established in this Circuit, Dr. Prybis's opinion as to the plaintiff's level of pain must be accepted as true as a matter of law.

The vocational expert testified that if the pain assessment form of Dr. Prybis was credited there would be no jobs the plaintiff could perform.  Therefore, the Commissioner failed to carry his burden at step five of showing the plaintiff could perform other work.  Accordingly, the plaintiff is disabled within the meaning of the Social Security Act.  An appropriate order remanding the action with instructions that the plaintiff be awarded the benefits claimed will be entered contemporaneously herewith.

DONE and ORDERED 4 June 2008.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.